IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:   3:08cr109/LAC
          3:10cvLAC/EMT

DANIEL J. LEVITAN

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's second amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 68). The Government filed a response (doc. 76), and Defendant failed to file a reply, despite having been afforded the opportunity to do so (*see* doc. 93). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b),

## PROCEDURAL BACKGROUND

On November 18, 2008, jurisdiction over Defendant's supervised release was transferred to this court from the Southern District of Florida (doc. 1). His supervised release was scheduled to terminate on March 8, 2010 (*id.*). On May 4, 2009, the court signed an order directing issuance of a summons based on an alleged violation of the terms of supervised release due to purported new law violations (doc. 3). Defendant was accused of having stopped payment on a $63,688.55 check that he had tendered to Total Leasing Company for services rendered (*id.* at 1). The stop payment was issued on November 10, 2008 (*id.*). In April of 2009, Defendant was arrested and charged in Escambia County Florida in Case No. 09-CF-1932 with Grand Theft (in violation of Fla. Stat.

§ 812.014(2)(b)) and Fraud by Stopping Payment on Check with Intent to Defraud (in violation of Fla. Stat. § 832.041). *See* http://www.escambiaclerk.com/xml/xmlBM.asp?ucase_id=1105601. Defendant was convicted after a jury trial of the Grand Theft charge, and the fraud count was nolle prossed. *Id.*

At a hearing held on September 10, 2009, Defendant was found guilty of a violation of the conditions of his supervised release and sentenced to a term of 24 months in the custody of the Federal Bureau of Prisons ("BOP") with no supervision to follow (docs. 21, 22, 42). Defendant appealed (doc. 23), and the decision of the district court was affirmed on April 6, 2010 (doc. 54).

Defendant filed a motion to vacate shortly thereafter (doc. 56). He sought expedited review of the motion, claiming that any sentence he had to serve would have been completed by the time ruling was rendered on the motion (doc. 59). Defendant's motion was denied by the undersigned (doc. 62), and the presiding district judge, Lacey Collier, denied Defendant's motion to recuse and supplemental motion to recuse him (docs. 64, 65, 69). Defendant ultimately filed the second amended motion to vacate which is currently pending before the court (doc. 68). In this motion Defendant claims that this court was without jurisdiction to impose sentence upon him because the alleged new law violations were committed before this court obtained jurisdiction on November 18, 2009 (*id.* at 3). He also asserts that the alleged violation of Fla. Stat. § 832.014 was dismissed and, therefore, should not have served as the basis for a violation of his supervised release (*id.* at 3, 4). Finally, he asserts that Judge Collier should have recused himself from presiding over the proceedings, due to an unspecified "relationship" with Mort O'Sullivan, Defendant's accountant, who "caused underlying allegations" (*id.* at 4).

Defendant's attempt to file a "Supplemental Motion to Vacate and Supporting Memorandum of Law" was rejected (*see* docs. 70, 71, 72). In January of 2011, he filed a "Motion for Leave to File Excess Pages" along with his proposed reply (doc. 85). This court denied his request, noting that the Defendant had failed to move for leave to file an out-of-time reply and that he had not demonstrated cause for exceeding the page limit established by the Local Rules (doc. 86). It also denied his motion for reconsideration of his request to exceed the page limit, although it sua sponte granted him leave to file an untimely reply (docs. 87, 88). Defendant then filed a "Motion for Personal Surety Bond and Motion for Leave to File Response to Government's Answer Totalling [sic] 28 Pages" (doc. 89). He

was granted leave to file the over-long response and the Government responded in opposition to his motion for surety bond (docs. 90–92).

On April 13, 2011, the court ordered Defendant to show cause as to why his pending motions had not been rendered moot by his release (doc. 96). Defendant responded by stating that he rested on his motion to vacate [doc. 68] but that he wished to withdraw his Motion for Personal Surety Bond [doc. 89] (doc. 97). He stated without further explanation or legal citation that, "In this particular circumstance, Defendant's release from custody of the BOP will not render moot the Motion to Vacate" (*id.* at 1).

## LEGAL ANALYSIS

Mootness

It is undisputed that Defendant has completed the 24-month term of imprisonment that was imposed on September 10, 2009 as a result of the violation of supervised release (docs. 21, 22). BOP records indicate that he was released on March 18, 2011,[1] while the instant motion was pending. Once attached, federal jurisdiction is not automatically defeated by the release of a defendant before the section 2255 motion is resolved. *See* Carafas v. LaVallee, 391 U.S. 234, 238 (1968). For instance, if a defendant is serving a term of supervised release, he is still subject to restrictions on his liberty which could be affected if he prevails in an action challenging his conviction and sentence. *See* Dawson v. Scott, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (citing Jago v. Van Curen, 454 U.S. 14, 21 n.3 (1981) (per curiam); United States v. Eske, 925 F.2d 205, 206 n. 2 (7th Cir.1991)); Cleckler v. United States, 410 F. App'x 279 (11th Cir. 2011) (citing Dawson); Kusay v. United States, 62 F.3d 192 (7th Cir. 1995); Minor v. Dugger, 864 F.2d 124, 127 (11th Cir. 1989). Therefore, despite a release from incarceration, such a defendant remains "in custody" within the meaning of 28 U.S.C. § 2255. *See* United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997); *see also* Jones v. Cunningham, 371 U.S. 236, 240–43 (1963) (holding that paroled prisoner is in custody when the terms of his release impose "significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally"); United

---

[1] Defendant's release information was located via: http://www.bop.gov/iloc2/LocateInmate.jsp

Case Nos.: 3:08cr109/LAC; 3:10cv267/LAC/EMT

States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir.1993) (holding expressly that supervised release satisfies the "in custody" requirement of § 2255).

In this case, Defendant was sentenced to a term of imprisonment with no supervised release to follow (doc. 22 at 2). When asked to address the mootness of his motion, Defendant offered no support for his conclusory assertion that his motion was not moot (doc. 97). Based on his completion of his term of imprisonment, there are no further restraints on Defendant's liberty as a result of his conviction for the violation of supervised release. His second amended motion to vacate is therefore moot and should be denied and dismissed as such.[2]

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how

---

[2] The court notes that despite its finding that the instant motion has been rendered moot by Defendant's completion of his term of imprisonment, it has reviewed the Government's substantive response to Defendant's motion (doc. 76). The court concurs that Defendant would not have been entitled to relief on the merits of his second amended motion to vacate for the reasons set forth in the Government's response and briefly summarized herein. Defendant's claim that the court lacked jurisdiction over him because the conduct underlying the revocation occurred before the transfer of jurisdiction to this court is without merit. *See, e.g.*, United States v. Bailey, 257 F. App'x 210, 212 (11th Cir. 2007) ("district court for the Northern District of Georgia had the power to revoke Bailey's supervised release as to the case transferred from Alabama, regardless of whether the conduct underlying the revocation was pre-transfer or post-transfer"). With respect to Defendant's second and fourth grounds for relief, his assertion that the alleged violation of § 832.014, Florida Statutes, was dismissed by the state court, while true, is irrelevant. This is so because not only does a lesser standard of proof apply at a violation hearing than at a state criminal proceeding (*see* 18 U.S.C. § 3583(e)(3)), but also because the violation of supervised release was based on two new law violations, and Defendant was found guilty after a jury trial of the other violation. As to this third ground for relief, there was no basis for the recusal of Judge Lacey Collier, and in any event this issue could have been raised on appeal, and as such is procedurally barred.

to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The second amended motion to vacate, set aside, or correct sentence (doc. 68) be **DENIED** as moot.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 24th day of May 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**